IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Donald Ashford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 CV 50312 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Zma, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Donald Ashford's motion to file a third amended complaint. For the following reasons, Plaintiff's motion to file a third amended complaint [87] is granted. Plaintiff shall file his third amended complaint as a separately docketed entry. The defendants that have been served shall answer or otherwise respond to the third amended complaint by May 19, 2020. This deadline is unaffected by the General Order, as amended. The Court will set a future status hearing by minute entry.

**I. BACKGROUND**

Plaintiff sued medical and corrections staff at the Winnebago County Jail (the "Jail") for deliberate indifference to his serious medical needs. He alleges that he suffered bullet wounds shortly before he was incarcerated at the Jail, that he has complained of his severe pain to Defendants for years and that he continues to have residual pain from a bullet fragment in his leg. He further alleges that Defendants have ignored, and continued to ignore, his pleas for medical help and failed to provide adequate medical treatment.

On September 20, 2018, Plaintiff filed his *pro se* complaint against "Dr. Lee Zma; Nurse Practitioner Connie; Nurse Marcy; Three nurses names unknown, three (3) Jane Does; Superintendent Redman; Captain Owens; Sergeant Ponte; and Sergeant Watson." Dkt. 1. On December 27, 2018, through previously recruited counsel, Plaintiff filed a first amended complaint against "Dr. Lee, Nurse Connie Wells, Nurse Marcia Sanders, Captain Owens, Sgt. Ponte, and Sgt. Watson and Unknown Winnebago County Sheriff's personnel[.]" Dkt. 9. Thereafter, Plaintiff moved to file a second amended complaint to include Superintendent Redman as a defendant. Dkt. 14. Plaintiff filed his second amended complaint against "Dr. Lee,

Nurse Connie Wells, Nurse Marcia Sanders, Superintendent Redman, Captain Owens, Sgt. Ponte, and Sgt. Watson and Unknown Winnebago County Sheriff's personnel[.]" Dkt. 17.

On October 4, 2019, Plaintiff's previously recruited counsel was removed. Dkt. 63. Thereafter, the Court recruited current counsel and allowed counsel until March 16, 2020 to file an amended complaint. Dkt. 72.

Within the Court ordered time period to amend, Plaintiff filed the present motion to amend his complaint a third time to clarify, add factual allegations, and add three defendants, Nurse Practitioner Corrigan, Nurse Wroble, and Nurse Dutenhafer (the "Proposed Defendants"). Dkt. 87. The correctional staff defendants did not object to the motion. Dkt. 91. However, Dr. Kenton Lee, Nurse Connie Wells, and Nurse Marcia Sanders ("Objecting Defendants") objected to the motion arguing that the addition of the Proposed Defendants was barred by the statute of limitations, Dkt. 92, 97. Plaintiff then filed a reply in support of his motion to file a third amended complaint. Dkt. 99.

## II. DISCUSSION

**A. Standing**

Before addressing the merits of Objecting Defendants' argument, the Court will first briefly address Plaintiff's standing argument. Plaintiff argues that Objecting Defendants do not have standing to object to the filing of a third amended complaint based upon a statute of limitations defense that belongs exclusively to the Proposed Defendants. "The question of standing is irrelevant, however, in opposing a motion for leave to amend." *Hundt v. DirectSat USA, LLC*, No. 08C7238, 2010 WL 1996590, at *4 (N.D. Ill. May 17, 2010) (citing *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("A district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss.")); *see also Carter v. Great Am. Grp. WF, LLC*, No. 3:11-0794, 2012 WL 3286048, at *2 (M.D. Tenn. July 23, 2012), *report and recommendation adopted*, 2012 WL 3332409 (M.D. Tenn. Aug. 10, 2012) ("Because futility is a valid objection to a motion to amend and because the district court may make the legal determination that a motion to amend is futile based on the expiration of the statute of limitations, the defendants have standing to invoke the statute of limitations as a defense against plaintiff's motion to amend."). Thus, this Court holds that Objecting Defendants have standing to oppose Plaintiff's motion to file a third amended complaint to add the Proposed Defendants in this case.

2

**B. Is the Proposed Third Amended Complaint Futile?**

Federal Rule of Civil Procedure 15 governs amendments to pleadings. The Court should freely give leave to allow a plaintiff to amend the complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

Objecting Defendants raise a statute of limitations argument in opposition of Plaintiff's motion to file a third amended complaint. "A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). However, it should be certain from the face of the complaint that any amendment would be futile or otherwise unwarranted before leave to amend is denied. *Al Khader v. Pompeo*, No. 18-CV-1355, 2020 WL 550606, at *4 (N.D. Ill. Feb. 4, 2020).[1]

In support of their statute of limitations/futility argument, Objecting Defendants begin by recognizing that the statute of limitations period in a section 1983 action is two years from the date of the alleged constitutional violation. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). They then cite to Plaintiff's medical records which they attach to their response brief in opposition. Relying on these medical records, they identify certain dates on which the Proposed Defendants provided care to Plaintiff. By adding two years to the last date each Proposed Defendant provided care to Plaintiff, as identified in the medical records, they argue that the statute of limitations for Nurse Practitioner Corrigan, Nurse Wroble, and Nurse Dutenhafer expired on February 10, 2019, October 11, 2018, and February 10, 2019 respectively. Dkt. 97 at 3.

Plaintiff argues, however, that his claims against the Proposed Defendants are well within the statute of limitations because his claims do not arise only from specific instances of medical care as identified in the medical records but also arise from a denial of adequate medical treatment that continues to the present. The Court is persuaded that Plaintiff's third amended

---

[1] Objecting Defendants improperly premise their futility argument on extraneous documents such as Plaintiff's medical records and do not confine their argument to the face of the complaint. *See Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 96 (N.D. Ill. 2008) (allowing amendment to complaint because considering evidence beyond the face of the complaint is premature); *Goss Int'l Americas, Inc. v. Graphic Mgmt. Assocs., Inc.*, No. 05 C 5622, 2006 WL 1647517, at *2 (N.D. Ill. June 6, 2006) (finding that a factual assertion beyond the face of the complaint as "inappropriate in deciding whether to permit a litigant leave to amend a complaint"). This Court bases its decision on the face of the proposed third amended complaint.

3

complaint alleges a continuing violation by the Proposed Defendants such that the proposed amendment is not futile.

The Seventh Circuit has addressed how the statute of limitations may accrue for claims of deliberate indifference to a serious medical need based on an ongoing denial of medical care.

> [A] section 1983 Eighth Amendment claim based on deliberate indifference in the delivery of medical care does not necessarily allege a single event or a series of events, but may describe an ongoing denial of care. In such cases, we have a continuing violation for accrual purposes. The alleged wrong—the refusal to provide medical care—"continued for as long as the defendants had the power to do something about [the plaintiff's] condition."

*Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019) (internal citations omitted) (citing *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001)). "When a plaintiff leaves an institution where he was incarcerated, medical providers at that institution no longer have the power to do something about an ongoing denial of medical care; and, a claim accrues against those providers when the incarcerated person leaves that facility." *Dixon v. Obaisi*, No. 17 C 7304, 2019 WL 3554195, at *3 (N.D. Ill. Aug. 1, 2019) (citing *Heard*, 253 F.3d at 318). The date of a defendant's departure from the Jail can also begin the claim accrual. *Wilson*, 932 F.3d at 518.

Here, Plaintiff's proposed third amended complaint alleges, among other things, that he continues to suffer from ongoing pain, Dkt. 87-1 ¶ 129, that the Proposed Defendants are aware of his ongoing pain, Dkt. 87-1 ¶ 132, and that the Proposed Defendants have refused to take actions in their power such as to prescribe more or different pain medication or otherwise provide adequate medical treatment, Dkt. 87-1 ¶ 134. Further, Plaintiff does not allege that the Proposed Defendants have left the Jail. Plaintiff alleges that he will remain at the Jail until at least April 2020. Dkt. 87-1 ¶ 6. Even if he moved out of the Jail, Plaintiff's proposed claims are well within the two-year period. As such, the third amended complaint alleges a continuing violation as to the Proposed Defendants and is not barred by futility.

Objecting Defendants do not address the continuing violation doctrine and instead argue only that the allegations against the Proposed Defendants do not relate back to the filing of the initial complaint. However, because a continuing violation is alleged against each Proposed Defendant, such that the statute of limitations has not yet run as to the Proposed Defendants, it is not necessary that the amendment relate back to the original filing. *See, e.g.*, *Kielczynski v. Vill. of LaGrange, Ill.*, 19 F. Supp. 2d 877, 882–83 (N.D. Ill. 1998) (finding the continuing violation doctrine applies so the issue of relation back did not need to be addressed.).

## III. CONCLUSION

Based on the foregoing reasons, Plaintiff's motion to file a third amended complaint [87] is granted. Plaintiff shall file his third amended complaint as a separately docketed entry.

Dated: April 28, 2020     By: _____
                              Lisa A. Jensen
                              U.S. Magistrate Judge